UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No. 15-cv-05028
MINETTE THOMAS-DOTSON,

                                     Plaintiff,

             -against-                              **COMPLAINT**

SIMON'S AGENCY, INC.,

                                     Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

       1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.    Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person.

6. Plaintiff resides in this District.

7. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

8. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes to Raymour & Flanigan, a furniture store.

9. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

10. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

11. Defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

12. The principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

14. Upon information and belief, defendant is a domestic business corporation.

## FACTUAL ALLEGATIONS

15. Plaintiff re-alleges paragraphs 1-14 as if fully re-stated herein.

16. At some point in time, plaintiff allegedly incurred a debt for personal purposes to Raymour & Flanigan.

17. At some subsequent point in time Raymour & Flanigan alleged that the debt fell into default.

18. On information and belief, Raymour & Flanigan placed the defaulted debt with debt collectors for the purpose of collection.

19. One such debt collector wrote collection letters to plaintiff dated in September 2013 and in February 2014.

20. The letters sought collection of the Raymour & Flanigan debt.

21. After receipt of said letters, plaintiff consulted with her attorneys at Fagenson & Puglisi concerning the debt collector's letters.

22. By letter dated April 7, 2014 Concetta Puglisi, Esq. of Fagenson & Puglisi wrote a letter to said debt collector for Raymour & Flanigan.

23. In said letter Ms. Puglisi informed the debt collector that Fagenson & Puglisi represented plaintiff and that plaintiff disputed the debt.

24. In addition, in said letter Ms. Puglisi advised that plaintiff should not be contacted directly.

25. The debt collector received Ms. Puglisi's letter.

26. On information and belief, the debt collector informed Raymour & Flanigan about Fagenson & Puglisi's representation of plaintiff.

27. By letter June 26, 2014 defendant wrote to plaintiff in an attempt to collect the same debt on behalf of Raymour & Flanigan.

28. Defendant sent the letter directly to plaintiff at her home.

29. Upon information and belief, Raymour & Flanigan informed defendant that plaintiff was represented by an attorney.

30. Upon information and belief, Raymour & Flanigan informed defendant that plaintiff was represented by an attorney upon Raymour & Flanigan placing the debt with defendant for collection.

31. Upon information and belief, Raymour & Flanigan informed defendant that plaintiff was represented by an attorney before defendant sent its letter dated June 26, 2014 to plaintiff.

32. Upon receipt of defendant's letter at her home plaintiff felt annoyance, confusion, emotional anxiety, and a sense of being harassed.

33. Plaintiff did not understand why defendant would still write to her after Raymour & Flanigan informed defendant that she was represented by counsel and should not be contacted directly.

## AS AND FOR A FIRST CAUSE OF ACTION

## 15 U.S.C. §§ 1692c(a)(2) and 1692e(10)

34. Plaintiff re-alleges paragraphs 1-33 as if fully re-stated herein.

35. Upon information and belief, Raymour & Flanigan knew that plaintiff was represented by counsel and should not be contacted directly.

36. Upon information and belief, upon Raymour & Flanigan placing the debt with defendant for collection, Raymour & Flanigan did inform defendant that plaintiff was represented by Fagenson & Puglisi in the matter of the collection of the debt.

37. Upon information and belief, Raymour & Flanigan did inform defendant that plaintiff was represented by Fagenson & Puglisi in the matter of the collection of the debt before defendant sent its letter dated June 26, 2014 to plaintiff.

38. Defendant knew that plaintiff was represented by an attorney before defendant sent the letter dated June 26, 2014 to plaintiff at her home.

39. Notwithstanding the knowledge that plaintiff was represented by an attorney, defendant sent its letter dated June 26, 2014 directly to plaintiff at her home.

40. In any event, defendant had an affirmative duty to inquire of Raymour & Flanigan whether plaintiff was represented by counsel in the matter, before defendant communicated with plaintiff directly.

41. Further, defendant had a duty to maintain procedures with Raymour & Flanigan that would ensure that defendant does not communicate directly with consumers who Raymour & Flanigan knows are represented by counsel.

42. Defendant did not inquire of Raymour & Flanigan whether plaintiff was represented by counsel before defendant sent the collection letter dated June 26, 2014 to plaintiff.

43. Defendant did not maintain procedures with Raymour & Flanigan that would ensure that defendant does not communicate directly with consumers who Raymour & Flanigan knows are represented by counsel.

44. Defendant sent the letter dated June 26, 2014 directly to plaintiff at her home notwithstanding its knowledge that plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

45. Defendant is further in violation of the FDCPA, § 1692e(10) in that defendant's conduct in contacting plaintiff directly through its letter dated June 26, 2014, after knowledge of attorney representation, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of her counsel.

46. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

47. Plaintiff re-alleges paragraphs 1 to 46 as if fully re-stated herein.

48. Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

49. Defendant breached its duty to collect plaintiff's debt with reasonable care.

50. In the exercise of reasonable care defendant ought to have ensured that for any Raymour & Flanigan account on which an attorney represented the consumer any communication by defendant was made with the attorney, and not with the consumer directly.

51. The fact that defendant contacted plaintiff directly regarding the same debt for which she had attorney representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

52. On information and belief, Raymour & Flanigan places tens, if not hundreds, of consumer accounts of New York residents each month with defendant for collection.

53. Defendant's act of communicating with plaintiff directly is a deceptive and misleading act and practice.

54. Said deceptive and misleading act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

55. Defendant's deceptive and misleading act and practice was consumer-oriented, in that defendant's act of communicating with a legally-represented consumer directly despite knowledge that she is represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which Raymour & Flanigan placed with defendant for collection and on which there was legal representation.

56. Defendant maintained no agreement or procedure with Raymour & Flanigan to ensure that Raymour & Flanigan does not place with defendant accounts of legally–represented consumers for collection or, in the alternative, to ensure that defendant does not communicate directly with legally represented consumers.

57. Defendant's said conduct of communicating directly with legally-represented consumers has a broad impact on consumers at large whose accounts are placed by Raymour & Flanigan with defendant for collection and who are represented by counsel in the matter of the collection of their Raymour & Flanigan debt.

58. Defendant owes a duty to plaintiff to observe plaintiff's right to legal representation and defendant's failure to observe said right resulted in defendant sending its letter to plaintiff at her home, thereby improperly encouraging plaintiff to contact defendant directly about a debt for which she had the representation of counsel.

59. Therefore, defendant's failure to observe plaintiff's legal representation and its sending of the letter dated June 26, 2014 to plaintiff at her home was deceptive and misleading in a material way.

60. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

61. Upon receipt of defendant's letter at her home plaintiff felt annoyance, confusion, emotional anxiety, and a sense of being harassed.

62. Defendant violated NYGBL § 349(a) by its sending of the letter dated June 26, 2014 and is liable to plaintiff under NYGBL § 349(h).

63. In that defendant maintained no agreement or procedure with Raymour & Flanigan to ensure that Raymour & Flanigan does not place with defendant accounts of legally–represented consumers for collection or, in the alternative, to ensure that defendant does not communicate directly with legally-represented consumers, defendant acted willfully or knowingly in its violation of NYGBL § 349(a).

64. As a result of the above violations, defendant is liable to plaintiff for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) awarding statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(b) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d) enjoining defendant from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g) in the alternative, awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) awarding treble damages pursuant to NYGBL § 349(h) in an amount to be determined at time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
June 26, 2015.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com